EASTERN DIS.
May, 1841.

WILCOX ET AL.
vs.
HUIE.

---

### WILCOX ET AL. vs. HUIE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

It is irregular and illegal to set aside a judgment by default to permit dilatory exceptions to be filed; but the order setting aside such judgment cannot be treated as a nullity in order to render final judgment. It might be waived and the exceptions considered; but the regular way was to rescind the order as improperly made.

This is a suit against Huie & Hale as endorsers of a note. Judgment by default having been rendered against Huie on failing to answer, the next day his counsel filed dilatory exceptions and had the judgment by default set aside. Three days

afterwards, the plaintiff on proving his demand had final judgment against Huie without deciding on the exceptions; the court disregarding them and treating the order setting aside the judgment by default, as a nullity. From this judgment, Huie appealed, who is alone before the court.

EASTERN DIS.
*May*, 1841.

WILCOX ET AL.
*vs.*
HUIE.

*Josephs*, for the plaintiffs.

*Peyton & Smith*, contra.

*Martin, J.* delivered the opinion of the court.

The defendants being sued as endorsers of a promissory note, failed to answer, and judgment by default was taken, which on motion of Huie's counsel was set aside as to him, on filing dilatory exceptions. The judgment was however made final against him; the judge disregarding the exceptions, and being of opinion that the order setting aside the judgment by default was a nullity, inasmuch as it was not granted for the purpose of putting in an answer to the merits according to law, but simply a dilatory exception, which is prohibited by the 23d section of the act of 1839, amending the Code of Practice.

It appears to us the court erred. The order setting aside the judgment by default was erroneous, but not a nullity. The plaintiff had a right to have it rescinded, but this he might waive, and the cause be proceeded in to judgment on the exceptions, notwithstanding the order remained undisturbed. This would have required him on the exceptions being overruled, to take a new judgment by default, unless an answer was filed. Such a proceeding would have been more circuitous, but certainly unexceptionable. The shortest and most regular way, would have been to rescind the order, allowing the exceptions to be filed, as having been improperly made. The plaintiff has, however, chosen to pursue a still shorter mode of proceeding, which appears to us illegal.

*It is irregular and illegal to set aside a judgment by default to permit dilatory exceptions to be filed; but the order setting aside such judgment cannot be treated as a nullity in order to render final judgment. It might be waived and the exceptions considered; but the regular way was to rescind the order as improperly made.*

The defendant, Hale, made a separate defence and there was a verdict and judgment against him; and both defendants have united in the same appeal. But by an agreement on file sign-

EASTERN DIS.
May, 1841.

ed by Hale, " he withdraws his pleas herein, and as far as his interest is concerned, admits the correctness of the judgment."

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed as to the defendant, Hale, by consent : And it is further ordered and decreed that said judgment be annulled and reversed so far as it relates to the defendant Huie ; and the case remanded for further proceedings according to law ; the plaintiffs and appellees paying the costs of the appeal.